UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| ARNALDO ROJAS, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| Plaintiff, | |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

-------------------------------------------------------------------X

Plaintiff, ARNALDO ROJAS ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant(s), MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.     Plaintiff ARNALDO ROJAS is a resident of the State of New York, residing at 33 Argyle Road, Brooklyn, New York 11218.

3. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC is a New York limited liability corporation with their main office at 165 Bell Drive, Suite 100, Williamsville, New York 14221.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with

the Plaintiff on or about April 1, 2016 by reporting an account to national credit bureaus.

11. On or about April 15, 2016, Plaintiff sought representation for credit assistance from S & W Protection and Management, Inc. (hereinafter referred to as "S & W").

12. On May 4, 2016, Ms. Wanda Frazzier, an employee of S & W, placed a telephone call to Defendant.

13. Ms. Frazzier was connected to a female representative who identified herself as "Karen."

14. Ms. Frazzier informed "Karen" that Plaintiff wished to dispute the balance claimed due on his account.

15. "Karen" informed Ms. Frazzier that Plaintiff would need to write to Defendant in order to register a consumer dispute, as opposed to communicating his dispute verbally.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

18. Defendant violated 15 USC §1692 e – preface and e (10) on May 4,

2016 when Defendant's agent stated falsely to Plaintiff's representative that Plaintiff's verbal consumer dispute was insufficient and that Plaintiff must dispute in writing. As Defendant knows, or should know, pursuant to <u>Dana Clark v. Absolute Collection Service, Inc.</u>, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement. The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute."

19. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

20. The Defendant violated 15 USC §1692 f preface when it unfairly implements a policy which prevents, rejects or refuses to accept verbal consumer disputes and states that a written statement is required in order to be reflected on a consumer's credit report.

21. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

22. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         June 8, 2016

                                    Respectfully submitted,

                                    By: _____
                                    Edward B. Geller, Esq.(EG9763)
                                    Edward B. Geller, Esq., P.C., Of Counsel to
                                    M. HARVEY REPHEN & ASSOCIATES, P.C.
                                    15 Landing Way
                                    Bronx, New York 10464
                                    Phone:    (914)473-6783

                                    *Attorney for the Plaintiff ARNALDO ROJAS*

To:   Mercantile Adjustment Bureau, LLC
      165 Lawrence Bell Drive, Suite 100
      Williamsville, New York 14221

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     CASE NO.:

ARNALDO ROJAS,

                        Plaintiff,

   -against-

MERCANTILE ADJUSTMENT BUREAU, LLC,

                        Defendant(s).

---

# COMPLAINT

---

Edward B. Geller, esq., P.C., Of Counsel to

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783